151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lefloris LYON, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary, U.S. Department of Veterans Affairs,
John J. Denardo, Director, V.A. West Side Medical Center,
James Currie, Richard E. Green, Arnie F. Bryant, and Willie
A. Marks, Defendants-Appellees.
 No. 97-1698.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998*.
Decided May 12, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Aug. 12, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 93 C 6299, Robert W. Gettleman, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. MICHAEL S. KANNE, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The case presents two issues on appeal. The first is whether the district court erred in dismissing Lyon's third amended complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We review that decision de novo. See Stevens v. Umstead, 131 F.3d 697, 700 (7th Cir.1997). The second is whether the district court erred in dismissing it with prejudice. We review that determination for an abuse of discretion. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
 
 
 2
 Lyon, a former Veterans Administration employee, filed a pro se complaint on October 18, 1993 against five individual defendants alleging employment discrimination and Privacy Act violations pursuant to 42 U.S.C. § 2000e et seq. and 5 U.S.C. § 552(a), respectively. Before the defendants answered, Lyon filed a first amended complaint adding four more defendants. The defendants responded with a motion to dismiss for failure to state a claim upon which relief may be granted, and Lyon moved for appointment of counsel. The district court appointed counsel who took no action and was eventually granted leave to withdraw for irreconcilable differences with Lyon.
 
 
 3
 On April 26, 1996, the district court granted the defendants' motion to dismiss the first amended complaint without prejudice for failing to state a claim because it did not "specifically identify any allegedly unlawful acts taken by any of the named defendants." Order, Lyon v. Brown, No. 93 C 6299 (N.D.Ill. Apr. 26, 1996). Because the court believed that Lyon "may be able to state a claim for retaliation for having filed a previous lawsuit against defendants," the court granted Lyon leave to file a second amended complaint on or before May 17, 1996. Id. The court also instructed Lyon that
 
 
 4
 [t]he second amended complaint must set forth in detail the specific acts allegedly taken against plaintiff, when and by whom such acts were taken, and how those acts are connected to plaintiff's previously protected activity. Plaintiff must also set forth whether the acts of which he complains were ever made the subject of any other actions, either in federal court, state court, or any federal agency.
 
 
 5
 Id.
 
 
 6
 Lyon filed a second amended complaint on May 20, 1996. This complaint was not limited to a claim for retaliation as the court had instructed. Instead, it restated all of the previously dismissed claims in 696 numbered paragraphs. The defendants responded with a motion to dismiss for failure to state a claim. The district court granted that motion because "it is simply impossible to discern plaintiff's claim from the complaint as written, and would be unfair to require defendant to file an answer." Order, Lyon v. Brown, No. 93 C 6299 (N.D.Ill. Aug. 28, 1996). The court, however, was again left with an impression that Lyon may be able to state a claim. See id. at 3. Thus, Lyon was given a final chance to file a proper complaint containing a short, plain statement. See id.
 
 
 7
 On September 18, 1996, Lyon filed a third amended complaint. The defendants responded with a motion to dismiss with prejudice contending that Lyon failed to state a claim and that Lyon failed to comply with the court's order of August 28, 1996. The court granted the motion, finding that Lyon did not draft a complaint that complied with Rules 8(a) and 12(b) and the court's previous orders. See Order, Lyon v. Brown, No. 93 C 6299 (N.D.Ill. Feb. 7, 1997). The court stressed that it was simply impossible to tell what Lyon was complaining about, that Lyon did not identify which count is directed toward which defendant, and whether the conduct alleged was the subject of previous litigation. See id. It concluded that "[w]hile the court has been patient with plaintiff and does not wish to dismiss an action on a technicality, particularly with a pro se plaintiff, plaintiff's failure to comply with the court's explicit instructions in this matter indicates to the court that plaintiff cannot state a claim for which relief can be granted." Id. Thus, the court entered a judgment order on February 18, 1997 dismissing the suit with prejudice. Lyon appealed on March 17, 1997.
 
 
 8
 Accepting the factual allegations in the complaint as true and drawing all reasonable inferences from the facts in Lyon's favor, we must determine whether Lyon stated a claim upon which relief can be granted. Dismissal of an action under Rule 12(b)(6) is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Travel All Over the World v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir.1996). Because Lyon is proceeding pro se, we hold his pleadings to a less stringent standard than those of a represented party, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but even pro se litigants must comply with court rules and directives, see Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996) (stressing that "being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard").
 
 
 9
 After reviewing Lyon's third amended complaint, we conclude that the district court did not err in dismissing Lyon's complaint. In his third amended complaint, Lyon simply realleged the same claims that the district court previously dismissed. Lyon did not cure the deficiencies of the earlier complaints. The district court afforded Lyon multiple opportunities to state a claim for retaliation; the court's orders on April 26, 1996 and August 28, 1996 highlighted the specific problems in Lyon's claim and warned him that his third amended complaint was his final opportunity. In this situation, where the plaintiff has repeatedly failed to remedy the same deficiencies, the district court did not err in concluding that the plaintiff cannot state a claim upon which relief may be granted.
 
 
 10
 The court also did not abuse its discretion by dismissing that claim with prejudice. Even though Rule 15(a) provides that a court should freely grant a party leave to amend pleadings "when justice so requires," Fed.R.Civ.P. 15(a), a district court need not afford a party that opportunity if it finds undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility. See Foman, 371 U.S. at 182; General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir.1997); Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1020 (7th Cir.1992). Lyon had fair notice of his pleading deficiencies from the district court's orders and from the defendants' motions to dismiss, and yet he repeatedly failed to cure them. Accordingly, the district court was justified in dismissing Lyon's third amended complaint with prejudice.
 
 
 11
 We therefore AFFIRM the district court's judgment.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is considered on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)